### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>SAM SANDO,<br><br>  Defendant. | CASE NO. 4:24-cr-00027<br><br><br><br>DEFENDANT'S TRIAL BRIEF |

**COMES NOW** the Defendant, Sam Sando, by and through the undersigned counsel, and respectfully submits this Trial Brief to the Court.

### **INTRODUCTION**

Mr. Sando's trial is scheduled to begin on Friday, August 2, 2024, at 9:00 a.m. at the United States Courthouse in Des Moines, Iowa. (ECF No. 31). The indictment charged Mr. Sando with four (4) counts: Conspiracy to Interfere with Commerce Through Robbery (Count 1); Attempted Interference with Commerce Through Robbery (Count 2); Attempted Possession with Intent to Distribute a Controlled Substance (Count 3); and Carrying a Firearm During and in Relation to a Drug Trafficking Crime (Count 4). (ECF No. 1). Mr. Sando entered a plea of not guilty on each of the counts. (ECF No. 9). He maintains his not guilty plea.

This is a case in which there is no physical evidence and no eyewitnesses to connect Mr. Sando to the charges. At trial, the evidence will demonstrate that there is only one reasonable verdict: not guilty on all counts.

## CHARGES

As this circuit has repeatedly stated, "It is undisputed that the presumption of innocence 'remains with the defendant through every stage of the trial, most importantly, the jury's deliberations' and that the presumption is 'extinguished only upon the jury's determination of guilt beyond a reasonable doubt.'" United States v. LaFontaine, 847 F.3d 974, 979 (8th Cir. 2017) (citing United States v. Crumley, 528 F.3d 1053, 1065 (8th Cir. 2008)).

Mr. Sando anticipates that the Government will fail to prove each of the following charges beyond a reasonable doubt:

### I.  Count One: Attempted Interference with Commerce Through Robbery

The Government asserts that on or about January 9, 2022, in the Southern District of Iowa, Mr. Sando attempted to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, through the commission of a robbery, that is, by the attempted unlawful taking and obtaining of personal property consisting of controlled substances, namely: marijuana, from the presence of persons Mr. Sando believed to be involved in the distribution of marijuana, by means of actual or threatened force, violence, or fear of injury to their persons or property, in violation of 18 U.S.C. § 1951(a). (ECF No. 1, at 2).

Mr. Sando anticipates that the Government will fail to prove this charge

beyond a reasonable doubt, as the evidence (and lack thereof) will create reasonable doubt as to whether Mr. Sando attempted to rob any individual.

## II. Count Three: Attempted Possession with Intent to Distribute a Controlled Substance

The Government asserts that beginning on or about January 7, 2022 and continuing to January 9, 2022, in the Southern District of Iowa, Mr. Sando knowingly and intentionally attempted to possess with the intent to distribute a controlled substance, namely: a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and aided and abetted the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D); and 846 and 18 U.S.C. § 2. (ECF No. 1, at 2).

Mr. Sando expects that the Government will fail to prove beyond a reasonable doubt that he attempted to possess a controlled substance with the intent to distribute or aided and abetted in the same, as the evidence (and lack of evidence) will create reasonable doubt as to who was involved. As this charge is necessary to prove the following count, Mr. Sando anticipates that the Government will also be unable to prove that violation.

## III. Count Four: Carrying a Firearm During and in Relation to a Drug Trafficking Crime

The Government asserts that on or about January 9, 2022, in the Southern

District of Iowa, Mr. Sando knowingly carried, brandished, and discharged a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Attempted Possession with Intent to Distribute a Controlled Substance, as charged in Count III, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 1, at 3).

As discussed above, Mr. Sando anticipates that the Government will fail to prove the charge of Attempted Possession with Intent to Distribute a Controlled Substance beyond a reasonable doubt. As a result, the Government will be unable to show that Mr. Sando carried a firearm during and in relation to a drug trafficking crime – as the Government will not be able to first prove the underlying drug trafficking crime.

## **STIPULATIONS**

The parties have reached a stipulation in this matter regarding the number of shooters involved, which will be filed prior to trial. In the event that the parties reach any additional stipulations, the parties will timely update the Court.

## **JURY INSTRUCTIONS**

Mr. Sando has prepared proposed jury instructions, based on the Model Jury Instructions, which will be filed with the Court. Mr. Sando is not requesting any non-standardized instructions.

## TRIAL EVIDENCE

Mr. Sando has not yet decided whether or not he intends to testify. Mr. Sando will provide a witness list to the Court by the set deadline of July 30, 2024. (ECF No. 31, at 3-4). In addition to witness testimony, Mr. Sando's evidence at trial may include photographs and videos.

## LEGAL ISSUES IN DISPUTE

The Government filed its first and second motions in limine on July 15, 2024. (ECF No. 53-1, 54). Mr. Sando filed his motion in limine on July 18, 2024. (ECF No. 59). Mr. Sando anticipates that the Court will resolve the evidentiary questions raised in the parties' motions in limine at the final pretrial conference on July 26, 2024. The undersigned is not aware of any other evidentiary issues, apart from those raised in the motions in limine, to bring to the Court's attention at this time.

## MOTION FOR JUDGMENT OF ACQUITTAL

At the close of the Government's case in chief, Mr. Sando doubts that the Government will have presented sufficient evidence to sustain a conviction for the present charges. Mr. Sando will then move for judgment of acquittal. "Under Federal Rule of Criminal Procedure 29(a), a district court must grant a defendant's motion for judgment of acquittal where the evidence is insufficient to sustain a conviction." United States v. Hardin, 889 F.3d 945, 949 (8th Cir. 2018). The Government will

not be able to present sufficient evidence to survive a motion for judgment of acquittal. At the close of the Government's evidence, the Court should dismiss the case against Mr. Sando.

*Respectfully submitted,*

**PARRISH KRUIDENIER, L.L.P.**

By: */s/ Alexander Smith*

Alexander Smith             AT0011363
2910 Grand Avenue
Des Moines, Iowa 50312
Phone: 515.284.5737
Fax: 515.284.1704
Email: asmith@parrishlaw.com
**ATTORNEY FOR DEFENDANT**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was **electronically filed** using the CM/ECF system on July 26, 2024.

*/s/ Ronald Free*

**COPIES TO:**

Mikaela Shotwell
Kyle Essley
United States Attorney's Office
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309
mikaela.shotwell@usdoj.gov
kyle.essley@usdoj.gov
**ATTORNEYS FOR PLAINTIFF**

Mr. Sam Sando
**DEFENDANT**